UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

## CIVIL MINUTES – GENERAL

| Case No. | SACV 19-00012 AG (KESx) | Date | April 1, 2019 |
|---|---|---|---|
| Title | DARLYNE LUCCHESI V. BANK OF AMERICA N.A. ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Melissa Kunig | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |

**Proceedings:**   **[IN CHAMBERS] ORDER REGARDING MOTION TO REMAND**

Pro se Plaintiff Darlyne Lucchesi filed this lawsuit in Orange County Superior Court against several banking Defendants, asserting claims concerning loans she received in 2006. After Plaintiff dismissed a non-diverse party from her lawsuit, Defendants removed the case to this Court claiming federal jurisdiction was proper under 28 U.S.C. §§ 1332, 1441, and 1446. (Notice of Removal, Dkt. 1 at 1.) Now Plaintiff moves to remand the case back to state court because she believes the parties aren't completely diverse. (Mot., Dkt. 15.) Removing Defendants Specialized Loan Servicing, LLC, Nationstar Mortgage LLC, and U.S. Bank National Association ("Defendants") oppose the motion, arguing a non-diverse party was fraudulently joined to eliminate diversity jurisdiction. (Opp'n, Dkt. 21.)

The Court **GRANTS** Plaintiff's motion to remand.

## 1. BRIEF BACKGROUND

Plaintiff, a California resident, filed her complaint in state court on July 19, 2018. (Mot. at 3; Opp. at 3.) One of the defendants named in the initial complaint was The Wolf Firm, another California resident. (Opp. at 3.) So Defendants were unable to remove the case when they were first served. (*Id.*)

In September 2018, Plaintiff spoke with Christine Hehir, counsel for Defendants Bank of America and Countrywide. (Mot. at 6.) During this conversation, Ms. Hehir informed Plaintiff that Countrywide Home Loans, Inc. ("CHL, Inc.") was the original lender concerning

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00012 AG (KESx) | Date | April 1, 2019 |
|---|---|---|---|
| Title | DARLYNE LUCCHESI V. BANK OF AMERICA N.A. ET AL. | | |

Plaintiff's loan. (*Id.*) It also appears Ms. Hehir informed Plaintiff that CHL, Inc. was a separate entity and therefore would need to be named separately in the lawsuit by filing a "DOE" amendment. (*Id.*) So on October 2, 2018, Plaintiff filed an amendment to her complaint naming CHL, Inc. (*Id.*, 5.) CHL, Inc. was properly served with the amendment and related case documents three days later. (*Id.*)

On November 6, 2018, Plaintiff dismissed non-diverse party, The Wolf Firm. (*Id.*) The next day, the state court granted Defendants' demurrer to Plaintiffs' complaint, with leave to amend. (Opp. at 3.) On November 27, 2018, Plaintiff filed and served her First Amended Complaint ("FAC"). In doing so, Plaintiff changed the case caption to reflect her dismissal of The Wolf Firm and addition of CHL, Inc. (Dkt. 15 at 5.)

Defendants state they received the FAC on December 4, 2018. (Opp. at 4.) They removed the FAC to this Court on January 3, 2019. (Dkt. 1.)

## 2. LEGAL STANDARD

Federal courts possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The Constitution provides, in Article III, § 2, that "[t]he judicial Power [of the United States] shall extend . . . to all Cases . . . between Citizens of different States." And Congress, in 28 U.S.C. § 1332(a), has authorized district courts to exercise jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Thus, § 1332 allows what's called diversity jurisdiction. "Historically, diversity jurisdiction has required that each plaintiff in a case be a citizen of a different state than each defendant—a concept called 'complete diversity.'" *Abramson Marriott Ownership Resorts, Inc.*, 155 F. Supp. 3d 1056, 1060 (C.D. Cal. 2016).

"Nothing is to be more jealously guarded by a court than its jurisdiction." *United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (citation omitted). "It is to be presumed that a cause lies outside of [a federal court's] limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377. Thus, principles of federalism, due respect for the state courts, comity, and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00012 AG (KESx) | Date | April 1, 2019 |
|---|---|---|---|
| Title | DARLYNE LUCCHESI V. BANK OF AMERICA N.A. ET AL. | | |

[Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Put differently, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas*, 313 U.S. at 108–09). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citation omitted).

## 3. ANALYSIS

The Court first addresses Plaintiff's arguments for remand, and then separately considers Plaintiff's request for fees and other costs.

### 3.1 Whether Removal Was Improper

Plaintiff argues removal was improper because CHL, Inc. is a California citizen and therefore there isn't complete diversity between the parties. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (citation omitted) (The "presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."). But Defendants urge that CHL, Inc.'s citizenship should be ignored because CHL, Inc. was fraudulently joined. The Court finds Defendants have failed to meet their burden of establishing that CHL, Inc. is a sham defendant and, thus, complete diversity is lacking.

It's true that "removal is proper despite the presence of a non-diverse defendant where that defendant is a fraudulently joined or sham defendant." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009) (citing *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68 (1996)). "In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff **could not possibly recover** against the party whose joinder is questioned." *Padilla*, 697 F. Supp. 2d at 1158 (citing *Kruso v. Int'l Tel. & Tel. Corp.,* 872 F.2d 1416, 1426 (9th Cir. 1989)) (emph. added). The burden of establishing that jurisdiction is proper lies with removing defendants, with the court resolving any doubts against removal. *See Gaus v. Miles*, 980 F.2d at 566. That is a heavy burden, since "there is a general presumption

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00012 AG (KESx) | Date | April 1, 2019 |
|---|---|---|---|
| Title | DARLYNE LUCCHESI V. BANK OF AMERICA N.A. ET AL. | | |

against fraudulent joinder." *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

As this Court has previously recognized, allegations of fraudulent joinder are "increasingly being made in federal courts," and, "as the prevalence of this argument grows, so does its misuse." *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1157 (C.D. Cal. 2009). This case is no exception.

Plaintiff brings several claims against CHL, Inc. because of its role as the original lender on Plaintiff's loan. Specifically, she argues CHL, Inc. was "the original lender of Plaintiff's Note obtained on or Around March 28 2007" and was "the main source of the thread of the harmful acts done against" her. (Mot., 16; FAC ¶ 3.) Plaintiff also alleges that "Defendant Countrywide Home Loans and Wendy Jiang, had acted as Plaintiff's Loan Advisor and engaged Plaintiff to gain low rate interest terms directly from Lender named Countrywide Home Loans Inc. as Defendant." (FAC ¶ 13.) But Defendants argue that any claims Plaintiff has against CHL, Inc. are time-barred and that she therefore fails to state a cause of action for removal purposes. (Opp., 5.) Interestingly, this argument was absent from their removal papers filed in January. Also absent from their papers was any mention of CHL, Inc., despite its being named as a defendant in the FAC.

In any event, Defendants must do more than show that the FAC failed to state a claim against CHL, Inc. at the time of removal. *Padilla*, 697 F.Supp.2d at 1159. Defendants must also show there is no possibility Plaintiff could prevail on any cause of action she brought against CHL, Inc. (*Id.*) Certainly, "[r]emand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend [her] complaint to cure [the] purported deficiency." (*Id.*) (internal quotations omitted.) Since this Court has already granted Plaintiff leave to amend, Defendants failed to show that Plaintiff couldn't possibly recover against CHL, Inc. *See* Dkt. 29 (granting Defendants' motion to dismiss the FAC with leave to amend so Plaintiff can cure, among other things, her statute of limitations deficiencies).

Defendants also argue that "Plaintiff fraudulently joined CHL simply to defeat diversity jurisdiction when she learned that she had no grounds for keeping [The Wolf Firm] in the suit." (Dkt. 21 at 7.) The Court disagrees. The evidence shows Plaintiff did not learn that CHL, Inc. was a separate entity until September 4, 2018. *See* Exhibit B to Dkt. 15 (email from

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00012 AG (KESx) | Date | April 1, 2019 |
|---|---|---|---|
| Title | DARLYNE LUCCHESI V. BANK OF AMERICA N.A. ET AL. | | |

Ms. Hehir). This information came to Plaintiff after discussing her case with counsel for Bank of America and CHL, Inc. Based on this information, she prepared and filed the necessary amendment just one month later. "The words fraud and sham imply a degree of chicanery or deceit, and a state court plaintiff engaging in a common strategy of pleading broadly does not engage in a fraud or sham." *Padilla*, 697 F.Supp.2d at 1160.

Consequently, Defendants have failed to meet their burden of establishing that CHL, Inc. is a sham defendant and that removal to federal court is proper. *See Kruso*, 872 F.2d at 1426; *Gaus*, 980 F.2d at 566. Thus, Plaintiff's motion to remand is GRANTED.

Plaintiff also argues that removal was untimely, but given the Court's disposition, timeliness analysis is unnecessary.

### 3.2 Plaintiff's Request for Fees

Plaintiff requests an award for "her cost of time and actual costs, and losses incurred, and…any further relief" this Court deems appropriate to compensate her for Defendants' improper removal. (Dkt. 15 at 17.) When a case is remanded, the Court may award "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). But since this case involves a pro se plaintiff, this Court may only consider an award of costs. *See Yhudai v. Mortgage Electornic Registration Systems, Inc.*, 2015 WL 5826777 (C.D. Cal., October 2, 2015.) ("California courts have concluded that pro se plaintiffs are not entitled to an award of attorneys' fees.").

The Court does not find an award of costs to be appropriate here.

## 4. DISPOSITION

Federal courts have an "independent obligation to determine whether subject-matter jurisdiction exists." *See Arbaugh*, 546 U.S. at 514. With that, and after considering the parties' filings and arguments, the Court REMANDS this case to the Orange County Superior Court.

|  | : | 0 |
|---|---|---|
| Initials of Deputy Clerk | mku | |